UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
TOMISLAV LUKIC,                                                     :     20-CV-3110 (ARR) (LB)
                                                                    :
              *Petitioner*,                                         :     NOT FOR ELECTRONIC
                                                                    :     OR PRINT PUBLICATION
     -against-                                                      :
                                                                    :
BAHRIJA ELEZOVIC,                                                   :     **OPINION & ORDER**
                                                                    :
              *Respondent*.                                         :
                                                                    :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Respondent, Bahrija Elezovic, seeks a stay pending appeal of my February 9, 2021 opinion and order requiring that she return her six-year-old daughter N.L. to Montenegro forthwith, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494 (Mar. 26, 1986). Resp't's Mot. Stay 3–5 ("Resp't's Mot."), ECF No. 49. Petitioner, Tomislav Lukic, opposes, arguing that respondent's appeal is unlikely to succeed on the merits, he and N.L. would suffer irreparable harm from delay, and the public interest favors N.L.'s expedient return. Pet'r's Opp'n 1–4, ECF No. 50. I agree with petitioner and deny respondent's motion to stay. I grant, however, a twenty-four-hour administrative stay of my February 9, 2021 order to allow respondent to seek an emergency stay and expedited treatment on appeal from the Second Circuit.

## BACKGROUND

On February 9, 2021, I granted petitioner's motion for summary judgment and ordered respondent, N.L.'s mother, to return N.L. to Montenegro "forthwith." *Lukic v. Elezovic*, No. 20-

1

CV-3110 (ARR) (LB), 2021 WL 466029, at *10 (E.D.N.Y. Feb. 9, 2021). Nevertheless, respondent has yet to comply with my order. After petitioner, N.L.'s father, filed a motion for contempt, I held a phone conference on February 22, 2021 in which the parties agreed to develop a dual-track plan to facilitate N.L.'s return expeditiously. Minute Entry (Feb. 22, 2021). On February 26, 2021, the parties reported that they had developed such a plan. Joint Status Report, ECF No. 46. That same day, respondent's counsel informed petitioner's counsel that respondent agreed to proceed with petitioner's plan in which petitioner accompanied N.L. back to Montenegro. *Id.*; Counsel Correspondence 5–6, ECF No. 48-1. Relying on this representation, petitioner purchased airline tickets for Friday, March 5, 2021. Counsel Correspondence 4.

On March 1, 2021, the parties received a decision from the Montenegrin Family Court in their custody dispute over N.L. *Id.* at 2. Petitioner had moved to amend the 2015 custody judgment that afforded physical custody rights to respondent. 2021 Custody Judgment 1, ECF No. 48-2. The Montenegrin Family Court denied petitioner's request and declined to disturb the 2015 custody judgment. *Id.* After reviewing this judgment, respondent's counsel informed petitioner's counsel that respondent believes this decision "entirely changes the situation." Counsel Correspondence 1. Respondent then filed a notice of appeal of my February 9, 2021 opinion and order on March 1, 2021 and notified petitioner's counsel that she intended to seek a stay, as well. *Id.*; Notice of Appeal, ECF No. 47.

Petitioner filed a renewed contempt motion on March 2, 2021. Pet'r's Renewed Contempt Mot., ECF No. 48. I then ordered respondent to answer that motion if she did not seek a stay by March 3, 2021 at 12 P.M. Text Order (Mar. 2, 2021). Respondent filed a stay motion on March 2, 2021, Resp't's Mot., and petitioner filed his opposition later that day, Pet'r's Opp'n.

**LEGAL STANDARD**

Rule 62(c) of the Federal Rules of Civil Procedure permits a district court to stay enforcement of a judgment while an appeal is pending. A party seeking such a stay bears a "difficult burden." *United States v. Private Sanitation Indus. Ass'n*, 44 F.3d 1082, 1084 (2d Cir. 1994). In evaluating whether to stay a "return order" under the Hague Convention, "[c]ourts should apply the four traditional stay factors . . . : '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Chafin v. Chafin*, 568 U.S. 165, 179 (2013) (quoting *Nken v. Holder,* 556 U.S. 418, 434 (2009)). "Staying the return of a child in an action under the [Hague] Convention should hardly be a matter of course." *Friedrich v. Friedrich*, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996). "The aim of the Convention is to secure prompt return of the child to the correct jurisdiction, and any unnecessary delay renders the subsequent return more difficult for the child, and subsequent adjudication more difficult for the foreign court." *Id.*

**DISCUSSION**

I. **Respondent is Unlikely to Succeed on the Merits of Her Appeal.**

Respondent argues that the 2021 custody judgment alters the return analysis and at a minimum presents a material issue of fact that defeats summary judgment. Resp't's Mot. 4. Petitioner claims that the 2021 custody judgment merely maintains the status quo because in it the Montenegrin Family Court affirmed "the parental rights currently exercised by the parties." Pet'r's Opp'n 4.

I agree with petitioner. I had found that "Article 79 of the Montenegrin Family Law grants

3

'[t]he parent who does not exercise parental rights' the right 'to decide on . . . the child's residence' and that this right can be derogated only through court order." *Lukic*, 2021 WL 466029, at *6 (quoting Resp't's Am. Rule 56.1 Statement ¶ 24, ECF No. 37; Pet'r's Rule 56.1 Statement ¶ 39, ECF No. 25). This statutory provision granted *ne exeat* rights to petitioner, which constitute custody rights under the Hague Convention. *Id.* While the 2015 custody judgment granted physical custody to respondent, it did not alter petitioner's Article 79 *ne exeat* rights. *Id.* In the 2021 custody judgment, the Montenegrin Family Court declined to amend the 2015 custody judgment, leaving the earlier judgment in place. 2021 Custody Judgment 1. Thus, the 2021 custody judgment does not affect petitioner's Article 79 *ne exeat* rights either. Nor does it change my determinations that petitioner possessed *ne exeat* rights and respondent breached them, entitling petitioner to N.L.'s return to Montenegro.

Respondent also argues that I should consider the Montenegrin Family Court's determination that it is "in the best interest of young N[.] L[.] to continue to stay with her mother." *Id.* at 6. But this conclusion has no effect on petitioner's entitlement to N.L.'s return to Montenegro. Hauge Convention proceedings are not physical custody proceedings. The Hague Convention "focuses solely on 'whether a child should be returned to her country of habitual residence for custody proceedings,' not on resolving 'any underlying custody dispute.'" *Ozaltin v. Ozaltin*, 708 F.3d 355, 359 (2d Cir. 2013) (quoting *Mota v. Castillo*, 692 F.3d 108, 112 (2d Cir. 2012)). A return order is justified when one party violates another's custody rights, as defined under the Hague Convention, and none of the enumerated defenses applies. *Gitter v. Gitter*, 396 F.3d 124, 130–31 (2d Cir. 2005); *Blondin v. Dubois*, 189 F.3d 240, 246 (2d Cir. 1999). I have found that petitioner has met this standard. *Lukic*, 2021 WL 466029, at *10. While it may be in N.L.'s best interests to remain in respondent's physical custody, doing so is unlawful if it comes

at the expense of petitioner's protected *ne exeat* rights. Moreover, the return order need not interfere with respondent's physical custody rights over N.L. Respondent has a Montenegrin passport and in fact lacks immigration status in the United States. *Id.* at *3. She is free to accompany N.L. to Montenegro and resume living in that country with her daughter. Indeed, the alternative plan the parties agreed upon involved respondent returning to Montenegro with N.L. and N.L. continuing to live with her in Podgorica. Dual-Track Plan, Joint Status Report Ex. A, ECF No. 46-1. Thus, respondent is unlikely to succeed on her arguments that the 2021 custody judgment changes the outcome of my February 9, 2021 opinion and order.

## II. Respondent Would Not Be Irreparably Injured Absent a Stay, but a Stay Would Substantially Harm Petitioner and N.L.

Respondent claims she will suffer irreparable harm absent a stay because "any separation" between her and N.L. "will undoubtedly have significant psychological harm on the Child's as well as the mother's well being." Resp't's Mot. 4. She also asserts that "effectuating the return of the Child back to [the] United States following a favorable decision [on appeal] is not only nearly impossible, but it creates [] even more stress and psychological concerns for the [] well being of the Child." *Id.* at 5. Petitioner counters that a stay will substantially harm N.L. because she would "lose precious time to readjust to life in [Montenegro], where she has resided her entire life prior to her removal to the United States." Pet'r's Opp'n 2 (quoting *Escobar Villatoro v. Figueredo*, No. 15-CV-1134 (TBM), 2015 WL 12838861, at *2 (M.D. Fla. June 26, 2015)). Additionally, both N.L. and petitioner would continue to suffer from "hanging in limbo" over N.L.'s custody status for nearly two years. *Id.* (quoting *Vale v. Avila*, No. 06-CV-1246 (JBM), 2008 WL 2246929, at *3 (C.D. Ill. May 29, 2008)).

Respondent's harm arguments are unpersuasive. As discussed above, the return order need not separate respondent and N.L. *See supra* Section I. If respondent chooses to remain in the United

5

States instead of accompanying N.L. to Montenegro, she will inflict the harm of separation upon herself. As to N.L.'s potential harm from return, "[a] removing parent must not be allowed to abduct a child and then—when brought to court—complain that the child has grown used to the surroundings to which they were abducted. Under the logic of the [Hague] Convention, it is the abduction that causes the pangs of subsequent return." *Friedrich*, 78 F.3d at 1068. While respondent claims that effectuating a re-return order after a favorable appeal would be "nearly impossible," Resp't's Mot. 5, she provides no evidence for this assertion. Moreover, if that were the case, stays pending appeal of Hague Convention return orders would be commonplace but instead they are "heavily disfavor[ed]." *Taglieri v. Monasky*, 15-CV-947, 2016 WL 10950695, at *2 (N.D. Ohio Dec. 9, 2016) (citing *Hofmann v. Sender*, No. 12-CV-8104 (KMK), 2012 WL 8466673, at *1 (S.D.N.Y. Dec. 20, 2012)).

Petitioner, by contrast, would suffer substantial harm if I ordered a stay pending appeal. Respondent has wrongfully retained N.L. in the United States since January 2020, *Lukic*, 2021 WL 466029, at *7, and both petitioner and N.L. have remained in "limbo" throughout this time, *Vale*, 2008 WL 2246929, at *3. It would likely take months for the Second Circuit to decide the appeal— "precious months when [N.L.] could [be] readjusting to life in her country of habitual residence." *Chafin*, 568 U.S. at 178. Thus, the balance of harms weighs is petitioner's favor.

### III. The Public Interest Favors Denying a Stay.

Respondent claims the public interest "would be served by making a decision on the merits after properly analyzing all of the evidence regarding the matter at hand." Resp't's Mot. 5. Petitioner argues that the public interest favors promoting the Hague Convention's objectives of securing the prompt return of wrongfully removed or retained children. Pet'r's Opp'n 4.

"[T]he public interest, as relevant to a Hague Convention dispute, is primarily defined by

the treaty itself, the express purpose of which is 'to secure the prompt return of children wrongfully removed to or retained in any Contracting State.'" *Hofmann*, 2012 WL 8466673, at *1 (quoting Hague Convention art. 1); *see also Vale*, 2008 WL 2246929, at *3 ("[T]he public interest of this country and of other countries which are signator[ie]s to the Convention is met when the purpose of the Convention is met."). "Protraction . . . is hardly consonant with the Convention's objectives." *Chafin*, 568 U.S. at 185 (Ginsburg, J., concurring).

Here, denying a stay pending appeal would better adhere to the Hague Convention's purpose. N.L.'s wrongful retention has continued for more than a year, and further delay will cause significant harm to petitioner and N.L. *See supra* Section II. Moreover, I have reviewed the 2021 custody judgment, respondent's only new evidence, and determined that it does not alter my return analysis. *See supra* Section I. Thus, N.L.'s expeditious return to Montenegro furthers the objectives of the Hauge Convention and, in turn, the public interest.

## CONCLUSION

For the foregoing reasons, I deny respondent's motion to stay my February 9, 2021 opinion and order pending appeal under Federal Rule of Civil Procedure 62(c). However, I grant a twenty-four-hour temporary stay to allow respondent to seek "an emergency stay and expedited treatment of h[er] appeal" from the Second Circuit. *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 212 (E.D.N.Y.) (citing *Diorinou v. Mezitis*, 237 F.3d 133, 138 (2d Cir.2001)), *aff'd*, 401 F. App'x 567 (2d Cir. 2010). Thus, my February 9, 2021 opinion and order is hereby stayed until 12:30 P.M. on March 4, 2021.

SO ORDERED.

Dated:     March 3, 2021                                  /s/
               Brooklyn, New York         Allyne R. Ross
                                                        United States District Judge