```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
TOMISLAV LUKIC,                                                      :    20-CV-3110 (ARR) (LB)
                                                                     :
                    Petitioner,                                      :    NOT FOR ELECTRONIC
                                                                     :    OR PRINT PUBLICATION
        -against-                                                    :
                                                                     :
BAHRIJA ELEZOVIC,                                                    :    OPINION & ORDER
                                                                     :
                    Respondent.                                      :
                                                                     :
-------------------------------------------------------------------- X
```

ROSS, United States District Judge:

In this action under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494 (Mar. 26, 1986), petitioner, Tomislav Lukic, moves for costs pursuant to 22 U.S.C. § 9007(b)(3) relating to the return of his child, N.L., to Montenegro. Pet'r's Mot., ECF No. 56. Respondent, Bahrija Elezovic, opposes, arguing that equitable factors favor denying a costs award. Resp't's Opp'n, ECF No. 58. For the following reasons, I agree with respondent and deny petitioner's motion.

"Any court ordering the return of a child pursuant to an action brought under [the Hague Convention] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). The purposes of this provision are "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and "to deter such conduct from happening

in the first place." 51 Fed. Reg. 10,494, 10,511 (Mar. 26, 1986). Under this provision, "a prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court." *Ozaltin v. Ozaltin*, 708 F.3d 355, 375 (2d Cir. 2013). In other words, this provision "shifts the burden onto a losing respondent in a return action to show why an award of necessary expenses would be clearly inappropriate." *Id.* (quotation marks omitted).

"In considering whether expenses are 'clearly inappropriate,' courts in this Circuit consider factors including: (1) whether there was a reasonable basis for removing the children to the United States . . . ; (2) whether either party engaged in forum shopping . . . ; (3) the degree to which the petitioner bears responsibility for the circumstances giving rise to the fees and costs associated with a petition . . . ; (4) a respondent's inability to pay an award . . . ; (5) whether fees and costs will deter such conduct from happening in the first place . . . ; and (6) whether the case is not a difficult one and falls squarely within the heartland of the Hague Convention . . . ." *Nissim v. Kirsh*, No. 18-CV-11520 (ALC), 2020 WL 3496988, at *2 (S.D.N.Y. June 29, 2020) (citations and quotation marks omitted).

Here, petitioner seeks €1,132.39 for "his airline travel to the United States and his airline travel back to Montenegro with" N.L. Pet'r's Mot. 1. I recognize that petitioner is presumptively entitled to "transportation costs related to the return of the child," 22 U.S.C. § 9007(b)(3); *Ozaltin*, 708 F.3d at 375, and that he has limited his request only to airline travel for him to come to the United States and to facilitate N.L.'s return to Montenegro, Pet'r's Mot. 1.

However, I find that equitable factors favor denying even this partial cost award. Most notably, respondent has shown she has no income or assets and relies on her family in New York to provide basic needs. Elezovic Dep. 10:9–15, ECF No. 53-1; Resp't's Opp'n 6. Even though

petitioner's requested award is relatively modest, it far exceeds anything respondent is able to pay. The Second Circuit has noted that "an expenses award that is greater than a respondent's total assets . . . at a minimum[] require[s] a reasoned explanation." *Souratgar v. Lee Jen Fair*, 818 F.3d 72, 81 n.3 (2d Cir. 2016). In light of the other equitable factors, I cannot explain why such an award would be reasonable in this case.

First, while respondent had petitioner's permission to bring N.L. to the United States, I agree with petitioner that respondent did not have a reasonable basis to retain N.L. beyond the bounds of a tourist visa. *See Lukic v. Elezovic*, No. 20-CV-3110 (ARR) (LB), 2021 WL 466029, at *7 (E.D.N.Y. Feb. 9, 2021); Pet'r's Reply 1–3, ECF No. 59. Second, neither party appears to have engaged in forum shopping. The Montenegrin Family Court had awarded respondent physical custody of N.L. in 2015. 2015 Custody J. 1, ECF No. 26-8. While petitioner had moved the Montenegrin Family Court to amend this judgment in December 2018 and those proceedings were ongoing when respondent brought N.L. to the United States, respondent had an advantage in that forum as the existing custodial parent. Am. Pet. Ex. 4, ECF No. 10-4; Am. Pet. ¶¶ 14, 19, ECF No. 10. There is no evidence that she moved abroad to avoid an amended custody judgment, and she ultimately prevailed in that dispute. 2021 Custody J., ECF No. 48-2. Third, petitioner does not bear responsibility for the circumstances giving rise to his airline travel. Respondent did contribute to delay in effectuating N.L.'s return, but that delay only incurred a €30 airline change fee. Feb. 22 Status Conf. Tr. 2:22–3:16, ECF No. 48-3; Pet'r's Reply 4; Pet'r's Mot. Ex. 4, ECF No. 57-4.

Fourth, ordering costs here would have some deterrent value, but this is not a quintessential Hague Convention case in which the respondent "attempt[ed] to find a friendlier forum for deciding custodial disputes." *Abbott v. Abbott*, 560 U.S. 1, 20 (2010). As discussed above, the Montenegrin family court awarded respondent physical custody, and N.L.'s unlawful retention

3

interfered with petitioner's statutory *ne exeat* rights, not any court judgment. 2015 Custody J. 1; *Lukic*, 2021 WL 466029, at *7. Fifth, and relatedly, although petitioner's entitlement to N.L.'s return was clear, this case did not implicate the heartland of the Hague Convention's purpose "to remedy abuses by noncustodial parents who attempt to circumvent adverse custody decrees." *Abbott*, 560 U.S. at 24 (Stevens, J., dissenting).

On balance, while equitable factors are mixed, respondent's lack of assets outweighs any considerations favoring a costs award. Petitioner has received sophisticated pro bono representation that led to N.L.'s return to Montenegro and only incurred travel costs to effectuate his legal win. Respondent's current separation from her child is more than just punishment for her unlawful actions. Taxing her negligible assets would be needlessly punitive and "clearly inappropriate." 22 U.S.C. § 9007(b)(3). Thus, I deny petitioner's motion for costs under 22 U.S.C. § 9007(b)(3).

SO ORDERED.

Dated: May 12, 2021
Brooklyn, New York

/s/
Allyne R. Ross
United States District Judge